| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER |
|---|---|

| PLAINTIFF | DEFENDANT |
|---|---|
| WALTER W. KELLEY, TRUSTEE | DAVID P. HAAR |
| **ATTORNEYS** (Firm Name, Address and Telephone No.)<br><br>Thomas D. Lovett<br>KELLEY, LOVETT, BLAKEY & SANDERS<br>P.O. BOX 1164<br>VALDOSTA, GA 31603<br>(229) 242-8838<br>tlovett@kelleylovett.com | **ATTORNEYS** (If Known) |

**PARTY** (Check one box only)   [ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [X] 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO AVOID TRANSFERS UNDER 11 U.S.C. §544 and 550

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| [X] 454 To recover money or property | [ ] 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 plan | [ ] 456 To obtain a declaratory judgment relating to any of foregoing causes of action |
| [ ] 435 To determine validity, priority, or extent of a lien or other interest in property | [ ] 426 To determine the dischargeability of a debt 11 U.S.C. §523 | [ ] 459 To determine a claim or cause of action removed to a bankruptcy court |
| [ ] 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | [ ] 434 To obtain an injunction or other equitable relief | [ ] 498 Other (specify) |
| [ ] 424 To object or to revoke a discharge 11 U.S.C. §727 | [ ] 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | |

| ORIGIN OF PROCEEDINGS (Check one box only.) | [X] 1 Original Proceeding | [ ] 2 Removed Proceeding | [ ] 4 Reinstated or Reopened | [ ] 5 Transferred from Another Bankruptcy Court | [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND<br><br>$ | OTHER RELIEF SOUGHT<br><br>Avoid transfers | | [ ] JURY DEMAND |
|---|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>JULIA MARIE HAAR | BANKRUPTCY CASE NO.<br>18-50476-JPS | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>MIDDLE DISTRICT OF GEORGIA | DIVISION OFFICE<br>MACON DIVISION | NAME OF JUDGE<br>James P. Smith |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only.)   [ ] FEE ATTACHED   [ ] FEE NOT REQUIRED   [X] FEE IS DEFERRED

| DATE<br>~~12/31/2018~~ 1-2-2019 | PRINT NAME<br>Thomas D. Lovett | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Thomas D. Lovett |
|---|---|---|

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In re: | : | BANKRUPTCY CASE |
| | : | |
| JULIA MARIE HAAR, | : | NO 17-50014-JPS |
| | : | |
| Debtor. | : | Chapter 7 Proceeding |
| | : | |
| WALTER W. KELLEY, TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | Adversary Proceeding |
| v. | : | |
| | : | No. |
| DAVID P. HAAR, | : | |
| | : | |
| Defendant. | : | |

## TRUSTEE'S COMPLAINT TO AVOID TRANSFERS

Comes now Plaintiff Walter W. Kelley, Trustee ("*Trustee*") and shows the following:

-1-

David P. Haar ("*Defendant*") is subject to the jurisdiction of this Court and this Court has jurisdiction over this Complaint under 28 U.S.C. §1334 and 11 U.S.C. §§544 and 550.

-2-

Venue is proper in this Court under 28 U.S.C. § 1409.

-3-

Plaintiff is the duly appointed and acting Trustee in the Chapter 7 bankruptcy case filed by Julia Marie Haar ("*Debtor*").

-4-

This adversary proceeding arises out of and relates to the Debtor's Chapter 7 case which was filed on March 12, 2018.

-5-

This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H) and/or (O). The Trustee consents to the entry of final orders and/or judgment by the Bankruptcy Court.

-6-

On the date the Debtor filed her chapter 7 petition, she owed a claim to Internal Revenue Service ("*IRS*") for "Federal Tax Debt" [docket 4, p. 17]. The Trustee may step into the shoes of the IRS and utilize the collection powers available to the IRS. *See* In re Gaither, 2018 LEXIS 3816, 15 (Bankr. D. S.C. 2018);

*see also* <u>In re Kaiser</u>, 525 B.R. 697, 708-710 (Bankr. N.D. Ill. 2014). The IRS is subject to a ten-year statute of limitations for collection, measured from the time of assessment. 11 U.S.C. § 6502(a)(1).

-7-

### Transfer of 110 Princeton Trace, Fayetteville, Georgia

The Debtor transferred real estate known as 110 Princeton Trace, Fayetteville, Georgia to Defendant described in a *Quitclaim Deed* dated October 20, 2009 and recorded in the Fayette County Clerk's Office on October 20, 2009 in Deed Book 3581 pages 97-99. The transfer was made on October 20, 2009, the date the deed was recorded. A true and correct copy of the recorded quitclaim deed is attached as **Exhibit "A."**

-8-

A PT-61 document was filed in the Fayette County Clerk's Office in connection with the above-described deed transfer. The PT-61 stated the actual value of the consideration received by the Debtor was *"$0.00."* The PT-61 stated the deed transfer was exempt from real estate transfer tax. A true and correct copy of the recorded PT-61 is attached as **Exhibit "B."**

-9-

The current value of 110 Princeton Trace, Fayetteville, Georgia is $142,800 according to the Fayette County Tax Assessor's Office.

-10-

### Transfer of 160 Pruett Street, Riverdale, Georgia

The Debtor transferred real estate known as 160 Pruett Street, Riverdale, Georgia to Defendant by a described in a *Quitclaim Deed* dated October 20, 2009 and recorded in the Clayton County Clerk's Office on October 20, 2009 in Deed Book 9723, pages 149-50. The transfer was made on October 20, 2009, the date the deed was recorded. A true and correct copy of the recorded quitclaim deed is attached as **Exhibit "C."**

-11-

A PT-61 document was filed in the Clayton County Clerk's Office in connection with the above-described deed transfer. The PT-61 stated the actual value of the consideration received by the Debtor was *"$0.00."* The PT-61 stated the deed transfer was exempt from real estate transfer tax. A true and correct copy of the recorded PT-61 is attached as **Exhibit "D."**

-12-

The current value of 160 Pruett Street, Riverdale, Georgia is $56,103 according to the Clayton County Tax Assessor's Office.

-13-

The Defendant is the Debtor's brother. The Defendant is an *"insider"* to the Debtor within the meaning of O.C.G.A. § 18-2-71(7)(A)(i).

-14-

The Debtor did not receive money, property or other value in exchange for the real estate transfers described in paragraphs 7 and 10 above. The real estate transfers described in paragraphs 7 and 10 above were not made in exchange for a reasonably equivalent value.

-15-

In the alternative, the real estate transfers described in paragraphs 7 and 10 above were made with actual intent to hinder, delay or defraud a creditor or creditors within the meaning of O.C.G.A. § 18-2-74(a)(1).

-16-

In the alternative, the real estate transfers described in paragraphs 7 and 10 above were made without the Debtor receiving a reasonably equivalent value in exchange for the transfers, and the Debtor was engaged or was about to engage in a business or transaction, for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, or the Debtor intended to incur, or believed or reasonably should have believed that she would incur debts beyond her ability to pay as they became due under O.C.G.A. § 18-2-74(a)(2).

-17-

In the alternative, the Debtor was insolvent on the date the real estate transfers described in paragraphs 7 and 10 above were made or the Debtor became insolvent as a result of the real estate transfers, and the Debtor did not receive a reasonably equivalent value in exchange for the transfers within the meaning of O.C.G.A. § 18-2-75(a).

-18-

In the alternative, the real estate transfers described in paragraphs 7 and 10 above were made to a Defendant as an insider for an antecedent debt, the debtor was insolvent at the time the transfers were made, and the Defendant had reasonable cause to believe that the debtor was insolvent under O.C.G.A. § 18-2-75(b).

-19-

At least one creditor had an unsecured claim against the Debtor when the real estate transfers described in paragraphs 7 and 10 above were made who continued to have an unsecured claim against the Debtor when the Debtor's bankruptcy petition was filed.

-20-

The real estate transfers described in paragraphs 7 and 10 above are avoidable by the Trustee under Georgia's *Uniform Fraudulent Conveyances Act* at O.C.G.A. Section 18-2-70 et seq., including, but not limited to O.C.G.A. §§ 18-2-74 and 18-2-75.

WHEREFORE, THE TRUSTEE PRAYS FOR JUDGMENT AGAINST DEFENDANT:

(a) avoiding the real estate transfers described in paragraphs 7 and 10 above and all other property or interests transferred which are discovered later that are avoidable under applicable law;

(b) allowing the Trustee to recover all property and interests in property transferred to Defendant under 11 U.S.C. § 550;

(c) granting all relief to which the Trustee is entitled under 11 U.S.C. §§ 544, 550, O.C.G.A. § 18-2-70 et seq. and granting all other remedies or relief available to the Trustee that apply to the facts of this case;

(d) awarding all costs of this action;

(e) awarding pre-judgment interest on any money judgment entered in this adversary proceeding case; and

(f) for all other and further relief as this Court deems equitable and just.

/s/ Thomas D. Lovett
THOMAS D. LOVETT
Attorney for Chapter 7 Trustee
Kelley, Lovett, Blakey & Sanders
Post Office Box 1164
Valdosta, GA 31603
(229) 242-8838
State Bar ID No. 459571
tlovett@kelleylovett.com

```
Doc ID:    008175720003 Type: GLR
Filed: 10/20/2009 at 10:45:00 AM
Fee Amt: $14.00 Page 1 of 3
Transfer Tax: $0.00
Fayette, Ga. Clerk Superior Court
Sheila Studdard Clerk of Court
BK 3581 PG 97-99
```

Recording requested by: _____
When recorded, mail to:
Name: DAVID HAAR
Address: 412 Oakland Rd.
City: McDonough GA.
State/Zip: Georgia

Space above reserved for use by Recorder's Office
Document prepared by:
Name _____
Address _____
City/State/Zip _____

Property Tax Parcel/Account Number:

# Quitclaim Deed

This Quitclaim Deed is made on __20th Day of October__, between __Julia M. Haar__, Grantor, of __470 Lakeshore Drive__, City of __Monticello__, State of __Georgia__, and __DAVID P HAAR__, Grantee, of __412 Oakland Rd.__, City of __McDonough__, State of __Georgia__.

For valuable consideration, the Grantor hereby quitclaims and transfers all right, title, and interest held by the Grantor in the following described real estate and improvements to the Grantee, and his or her heirs and assigns, to have and hold forever, located at __110 Princeton Trace__, City of __Fayetteville__, State of __Georgia__:

See Exhibit A

Subject to all easements, rights of way, protective covenants, and mineral reservations of record, if any.
Taxes for the tax year of __2009__ shall be prorated between the Grantor and Grantee as of the date of recording of this deed.

☆NOVA Quitclaim Deed Pg.1 (01-09)



EXHIBIT "A"

Dated: _____

*Julia M Haar* _____ *D P H____*
Signature of Grantor

Julia M. Haar          David P HAAR
Name of Grantor

*Julie Cook*            Julie Cook
Signature of Witness #1    Printed Name of Witness #1

_____   _____
Signature of Witness #2    Printed Name of Witness #2

State of Georgia  County of Fayette
On October 20, 2009, the Grantor, Julia + David Haar personally came before me and, being duly sworn, did state and prove that he/she is the person described in the above document and that he/she signed the above document in my presence.

_____
Notary Signature

Notary Public,
In and for the County of Fayette  State of Georgia
My commission expires: April 13, 2013

[Notary Seal: KAREN SEMON, NOTARY PUBLIC, FAYETTE COUNTY, GEORGIA, EXPIRES APRIL 13, 2013]

Send all tax statements to Grantee.

★NOVA Quitclaim Deed Pg.2 (01-09)



EXHIBIT "A"

| PT-61 (Rev. 11/04) | To be filed in **FAYETTE COUNTY** | | | PT-61 056-2009-003502 | |
|---|---|---|---|---|---|
| SECTION A – SELLER'S INFORMATION (Do not use agent's information) | | | SECTION C – TAX COMPUTATION | | |
| SELLER'S LAST NAME<br>Haar | FIRST NAME<br>Julia | MIDDLE<br>M | Exempt Code<br>If no exempt code enter NONE | | NONE |
| MAILING ADDRESS (STREET & NUMBER)<br>470 lake shore dr | | | 1. Actual Value of consideration received by seller<br>Complete Line 1A if actual value unknown | | $0.00 |
| CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY<br>monticello, GA 31064 USA | DATE OF SALE<br>10/20/2009 | | 1A. Estimated fair market value of Real and<br>Personal property | | $0.00 |
| SECTION B – BUYER'S INFORMATION (Do not use agent's information) | | | 2. Fair market value of Personal Property only | | $0.00 |
| BUYER'S LAST NAME<br>Haar | FIRST NAME<br>David | MIDDLE<br>P | 3. Amount of liens and encumbrances<br>not removed by transfer | | $0.00 |
| MAILING ADDRESS (Must use buyer's address for tax billing & notice purposes)<br>412 oakland rd | | | 4. Net Taxable Value<br>(Line 1 or 1A less Lines 2 and 3) | | $0.00 |
| CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY<br>mcdonough, GA 30253 USA | Check Buyers Intended Use<br>( ) Residential ( ) Commercial<br>( ) Agricultural ( ) Industrial | | 5. TAX DUE at .10 per $100 or fraction thereof<br>(Minimum $1.00) | | $0.00 |
| SECTION D – PROPERTY INFORMATION (Location of Property (Street, Route, Hwy, etc)) | | | | | |
| HOUSE NUMBER & EXTENSION (ex 265A)<br>110 | PRE-DIRECTION, STREET NAME AND TYPE, POST DIRECTION<br>princeton trace | | | SUITE NUMBER | |
| COUNTY<br>FAYETTE | CITY (IF APPLICABLE) | | MAP & PARCEL NUMBER<br>055005002 | ACCOUNT NUMBER | |
| TAX DISTRICT | GMD | LAND DISTRICT<br>5 | ACRES | LAND LOT<br>251 | SUB LOT & BLOCK |
| SECTION E – RECORDING INFORMATION (Official Use Only) | | | | | |
| DATE | DEED BOOK<br>3581 | | DEED PAGE<br>97 | PLAT BOOK | PLAT PAGE |

ADDITIONAL BUYERS
None



EXHIBIT "B"

09723
00149

FILED 3315/
CLAYTON CO., GA

2009 OCT 20 PM 12:30

LINDA T. MILLER
CLERK SUPERIOR COURT

Clayton County, Georgia
Real Estate Transfer Tax
Paid _____0_____
Date 10-20-09
Linda T. Miller
Clerk, Superior Court

Recording requested by: _____
When recorded, mail to:
Name: DAVID HAAR
Address: 412 Oakland Rd.
City: McDonough GA
State/Zip: 30253

Space above reserved for use by Recorder's Office
Document prepared by:
Name _____
Address _____
City/State/Zip _____

Property Tax Parcel/Account Number:

# Quitclaim Deed

This Quitclaim Deed is made on 2th Day of October, between Julia M. HAAR, Grantor, of 470 Lakeshore Drive, City of Monticello, State of Georgia, and DAVID P HAAR, Grantee, of 412 Oakland Rd., City of McDonough, State of Georgia.

For valuable consideration, the Grantor hereby quitclaims and transfers all right, title, and interest held by the Grantor in the following described real estate and improvements to the Grantee, and his or her heirs and assigns, to have and hold forever, located at 160 Pruitt Street, City of Riverdale, State of Georgia;

BK 09723 PG 149

Subject to all easements, rights of way, protective covenants, and mineral reservations of record, if any. Taxes for the tax year of 2009 shall be prorated between the Grantor and Grantee as of the date of recording of this deed.

★NOVA Quitclaim Deed Pg.1 (01-09)

**EXHIBIT**
"C"

09723
00150

Dated: October 20, 2009

_Julia M. Haar_ _David P Haar_
Signature of Grantor

Julia M. Haar   DAVID P HAAR
Name of Grantor

_signature_ _April D. Hosea_
Signature of Witness #1   Printed Name of Witness #1

_signature_ _Brandi Eberhart_
Signature of Witness #2   Printed Name of Witness #2

State of Georgia   County of Clayton
On October 20, 2009, the Grantor, Julia M Haar and David P. Haar
personally came before me and, being duly sworn, did state and prove that he/she is the person described
in the above document and that he/she signed the above document in my presence.

_Jenny Waits_
Notary Signature

Notary Public,
In and for the County of Fayette   State of Georgia
My commission expires: 10-2-2011

[Notary Seal: JENNY WAITS, NOTARY PUBLIC, FAYETTE CO., GA, MY COMMISSION EXPIRES 2nd, 2011]

Send all tax statements to Grantee.

BK09723PG150

★ NOVA Quitclaim Deed Pg.2 (01-09)



EXHIBIT "C"

PT-61 (Rev. 11/04)   To be filed in **CLAYTON COUNTY**                                    PT-61 031-2009-012212

| SECTION A – SELLER'S INFORMATION (Do not use agent's information) ||| SECTION C – TAX COMPUTATION ||
|---|---|---|---|---|
| SELLER'S LAST NAME<br>Haar | FIRST NAME<br>Julia | MIDDLE<br>M | Exempt Code<br>If no exempt code enter NONE | NONE |
| MAILING ADDRESS (STREET & NUMBER)<br>470 lake shore dr ||| 1. Actual Value of consideration received by seller<br>Complete Line 1A if actual value unknown | $0.00 |
| CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY<br>monticello, GA 31064 USA || DATE OF SALE<br>10/20/2009 | 1A. Estimated fair market value of Real and Personal property | $0.00 |
| SECTION B – BUYER'S INFORMATION (Do not use agent's information) ||| 2. Fair market value of Personal Property only | $0.00 |
| BUYER'S LAST NAME<br>Haar | FIRST NAME<br>David | MIDDLE<br>P | 3. Amount of liens and encumbrances not removed by transfer | $0.00 |
| MAILING ADDRESS (Must use buyer's address for tax billing & notice purposes)<br>412 oakland rd ||| 4. Net Taxable Value<br>(Line 1 or 1A less Lines 2 and 3) | $0.00 |
| CITY, STATE / PROVINCE / REGION, ZIP CODE, COUNTRY<br>Mcdonough, GA 30253 USA | Check Buyers Intended Use<br>( ) Residential  ( ) Commercial<br>( ) Agricultural  ( ) Industrial || 5. TAX DUE at .10 per $100 or fraction thereof<br>(Minimum $1.00) | $0.00 |

| SECTION D – PROPERTY INFORMATION (Location of Property (Street, Route, Hwy, etc)) |||||
|---|---|---|---|---|
| HOUSE NUMBER & EXTENSION (ex 265A)<br>160 | PRE-DIRECTION, STREET NAME AND TYPE, POST DIRECTION<br>pruett Street ||| SUITE NUMBER |
| COUNTY<br>CLAYTON | CITY (IF APPLICABLE) || MAP & PARCEL NUMBER<br>05236a e003 | ACCOUNT NUMBER |
| TAX DISTRICT | GMD | LAND DISTRICT  ACRES | LAND LOT | SUB LOT & BLOCK |

| SECTION E – RECORDING INFORMATION (Official Use Only) ||||
|---|---|---|---|
| DATE | DEED BOOK<br>9723 | DEED PAGE<br>149 | PLAT BOOK  PLAT PAGE |

ADDITIONAL BUYERS
None


EXHIBIT
"D"